IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GREAT RIVERS COMMUNITY CAPITAL, INC.,** | |
| **Plaintiff,** | |
| v. | Case No. 3:25-CV-00870-NJR |
| **YEKITA DIGGS,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Great Rivers Community Capital, Inc. ("Great Rivers") moves to remand this action to the Circuit Court for St. Clair County, Illinois. (Doc. 8). Defendant Yekita Diggs ("Diggs") has not responded to Great Rivers' motion to remand, although she has filed several incomprehensible pleadings and documents, seeking to invoke federal subject matter jurisdiction. (Docs. 1, 18, 21). For the following reasons, Great Rivers' motion to remand is granted.

### BACKGROUND

This case arises out of a foreclosure action in St. Clair County, Illinois. (Doc. 8-1 (Compl.)). Diggs was the mortgagor and Great Rivers the mortgagee with respect to certain real estate in Cahokia, Illinois. (*Id.*). Great Rivers initiated the foreclosure action after Diggs defaulted on the mortgage, leaving an unpaid balance of $54,128.68. (*Id.*).

Diggs removed the action to this Court, invoking federal question and diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332(a) respectively. (Doc. 1). Upon preliminary review of Diggs' notice of removal, the Court was not satisfied that she had properly alleged

Page 1 of 6

federal subject matter jurisdiction. (Doc. 6). Among other things, the notice of removal had failed to identify the citizenship of Diggs and Great Rivers to support diversity jurisdiction, and it failed to identify a federal claim that would have supported federal question jurisdiction. (*Id.*). Accordingly, the undersigned directed Diggs to file an amended notice of removal that properly alleged either diversity or federal question jurisdiction over this action. (*Id.*).

In response to the Court's order, Diggs filed what she called a "Formal Response Presentment and Reassertion of Non-Core Venue Jurisdiction, Enforcement Rights, and Objection to Service Burdens and Procedural Inequality" (Doc. 18) (for ease of reference, the Court refers to this document as Diggs' "Formal Response"). The Formal Response stated in relevant part:

> This matter is brought as a non-core venue matter within the judicial branch of the District Court of the United States of America. Petitioner stipulates that this matter is presented solely to exercise constitutional rights, including the right to access the Court, petition for redress of grievances, and demand a Trial by Jury, as guaranteed by the Seventh Amendment.
>
> This action is not to be construed as relying on statutory authority, administrative remedy, or consent to Article I or derivative tribunal adjudication. It is grounded solely in constitutional protections and controversies exceeding $20.
>
> Petitioner does not object to non-core venue but affirms it, and reasserts that any authority exercised by the Court must derive from a valid grant of Article III judicial power, subject to strict limitations. Petitioner does not consent to adjudication by Magistrate Judge, Article I court, or statutory forum.
>
> The Court may not rely on any administrative code, statutory presumption, or waiver doctrine. (*Id.*).

The Formal Response then objected to an undefined "service request," sought the enforcement of a document subpoena, claimed that Diggs had executed a valid UCC-1

financing statement, and demanded an evidentiary hearing, among other things. (*Id.*).

Then, a few weeks after submitting the Formal Response, Diggs filed what she termed a "Petition and Presentment for Enforcement, Contempt, Judgment, and Evidentiary Hearing" (Doc. 21) (the Court refers to this document as Diggs' "Motion for Presentment"). The Motion for Presentment "demand[ed]" that the undersigned "[i]mmediately enforce the lawful Subpoena Duces Tecum and compel [Great Rivers] to produce all records identified therein," "[h]old [Great Rivers] and their counsel in contempt of court for their continued dishonor, and failure to comply with lawful process," and "[s]et an immediate evidentiary hearing on the record to adjudicate all disputed factual and legal issues." (*Id.*).

Great Rivers responded to Diggs' submissions by emphasizing the need to address subject matter jurisdiction before the merits of her claims come into play. They are, of course, correct that subject matter jurisdiction must be addressed at the outset. The Court thus turns its attention to that question.

## Discussion

Federal courts are courts of limited jurisdiction. As such, it is black letter law that a party who brings an action in federal court "must demonstrate that diversity or federal question jurisdiction exists." *Minor v. Prudential Secs., Inc.*, 94 F.3d 1103, 1105 (7th Cir. 1996). Indeed, "[s]ubject-matter jurisdiction is the *first question* in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Ill. v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998) (emphasis added). "The party seeking removal bears the burden of proving the propriety of removal; doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court." *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013). This means it is not Great Rivers' burden to *disprove* jurisdiction, but Diggs' burden to

demonstrate it. So, unless Diggs can demonstrate the existence of diversity or federal question jurisdiction under 28 U.S.C. §§ 1332(a) or 1331 respectively, this action must be remanded.

**Diversity Jurisdiction.** Federal courts have original jurisdiction over all actions between "citizens of different States" where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). To proceed on this jurisdictional basis, the Court must satisfy itself that complete diversity of citizenship exists and that the amount in controversy requirement is satisfied. *City of E. St. Louis, Illinois v. Netflix, Inc.*, 83 F.4th 1066, 1070 (7th Cir. 2023); *Webb v. FINRA, Inc.*, 889 F.3d 853, 856 (7th Cir. 2018). "Complete diversity exists only if none of the defendants has the same citizenship as any plaintiff." *E. St. Louis*, 83 F.4th at 1070.

As a natural person, Diggs is a citizen of the state in which she is domiciled—*i.e.*, where she has a "true, fixed home and principal establishment, and to which, whenever [she is] absent from the jurisdiction, [she has] the intention of returning." 13E Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3612 (3d ed. 2021); *see also Gilbert v. David*, 235 U.S. 561, 568-69 (1915) (discussing concept of domicile). Her pleadings offer no information responsive to this question.

It is also well-established that a corporation, like Great Rivers, is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). On this point, Diggs claims that "as a depository institution and member of the Federal Reserve System," Great Rivers "operates under the Federal Reserve, which is situated outside the State of domicile of the Plaintiff." (Doc. 1). This allegation, too, is patently insufficient because it offers no information about Great Rivers' state of incorporation and principal place of

business.

Although Diggs' pleadings do not establish her and Great Rivers' respective citizenships, Great Rivers indicated in its motion to remand that Diggs is a citizen of Illinois. (Doc. 8). It also explained that it is incorporated and maintains its principal place of business in Missouri. As such, the parties are completely diverse. *See E. St. Louis*, 83 F.4th at 1070.

But this only gets Diggs halfway there. In addition to establishing complete diversity (which Great Rivers did for her), Diggs must demonstrate that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). On this point, Diggs falls short. Great Rivers' foreclosure complaint alleges an outstanding balance of only $54,128.68 based on Diggs' default on her mortgage. (Doc. 8-1). Accordingly, the amount in controversy falls short of the jurisdictional threshold of $75,000, exclusive of interest and costs. And for that reason, Diggs is unable to demonstrate that this Court has diversity jurisdiction over the case under 28 U.S.C. § 1332(a).

**Federal Question Jurisdiction.** Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] cause of action can only be said to arise under the laws of the United States if the *plaintiff's* complaint raises a federal issue." *Lister v. Stark*, 890 F.2d 941, 943 (7th Cir. 1989) (emphasis in original). No such federal question arises here. This is a foreclosure action arising under Illinois law. Great Rivers has asserted no federal claims against Diggs. And to the extent Diggs seeks to advance federal claims against Great Rivers, they do not enter the jurisdictional calculus. *See Holmes Grp., Inc. v. Vornado Air Circ. Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction.").

Diggs' filings, at their core, reflect fundamental misunderstandings about federal subject matter jurisdiction. She does not even appear to attempt to tailor her allegations and claims to the demands of 28 U.S.C. §§ 1331 and 1332(a), which is one of the most basic requirements of litigating a civil case in federal court. So, without a basis to exercise subject matter jurisdiction, the Court is compelled to remand the case to its court of origin. *See Taebel v. Indiana*, No. 1:24-cv-000651, 2024 WL 3099787, at *1 (S.D. Ind. May 15, 2024) (dismissing case because plaintiff's complaint and other filings were "entirely incomprehensible and therefore d[id] not establish any basis for this Court to exercise jurisdiction.").

## CONCLUSION

For these reasons, Great Rivers' motion to remand (Doc. 8) is **GRANTED**. The Court **REMANDS** this entire action to the Circuit Court of St. Clair County, Illinois, for lack of subject matter jurisdiction. Diggs' Motion for Presentment (Doc. 21) is **DENIED**.

**IT IS SO ORDERED.**

DATED: January 23, 2026

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**